UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CONNIE GLEASON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11-CV-1182- JAR |
| | ) | |
| SSM HEALTH CARE ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant SSM Health Care St. Louis' ("SSMHC-SL") Motion for Summary Judgment [ECF No. 42]. The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted.

**Background**

Plaintiff initially filed this action *pro se* against Defendant SSMHC-SL in small claims court in the Circuit Court of St. Louis County, Missouri on June 9, 2011. Plaintiff alleged that SSMHC-SL misrepresented the deadline for Plaintiff to seek reimbursement for healthcare expenses from the SSM Health Care System Health Care Spending Account Plan ("the Plan"), resulting in the denial of her reimbursement claim as untimely. SSMHC-SL removed the case to this Court on July 6, 2011, citing preemption of state law claims under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132 (a)(1)(B). On February 13, 2012, Plaintiff filed her first amended complaint alleging negligent misrepresentation. (First Amended Complaint ("FAC"), Doc. No. 31). In her amended complaint, Plaintiff concedes this Court's jurisdiction over her claim pursuant to ERISA, (Id., ¶ 3); however, Plaintiff alleges that her complaint does not assert an ERISA claim and no ERISA-related causes of action were included.

**Legal Standard**

Summary judgment is proper if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Torgerson v. City of Rochester, 643 F.3d 1031, 1042-43 (8th Cir. 2011) (internal citations and quotation marks omitted). The moving party bears the initial burden to show by reference to the materials on file that there are no genuine issues of material fact that need to be decided at trial. Id. If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. Id. On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. Id. The nonmovant must do more than simply show there is some "metaphysical doubt" as to the material facts, and must come forward with specific facts showing there is a genuine issue for trial. Id. Where the record taken as a whole could not permit a jury to find for the nonmoving party, there is no genuine issue for trial.

**Arguments of the Parties**

SSMHC-SL states it is entitled to summary judgment because the only claim specifically asserted by Plaintiff, a state law negligent misrepresentation claim, is preempted by ERISA. Alternatively, SSMHC-SL argues Plaintiff cannot pursue an ERISA breach of fiduciary claim against it as a matter of law, and that even if construed as a claim for benefits, under the applicable arbitrary and capricious standard of review, the denial of benefits should be upheld. (Memorandum in Support of Motion for Summary Judgment, Doc. No. 43, p. 2).

In response, Plaintiff argues there are genuine issues of material fact making summary

judgment inappropriate, specifically whether SSMHC-SL's employee or agent made representations to Plaintiff regarding the procedure for filing reimbursement requests, whether Plaintiff was ever provided documentation of the express terms of the Plan, and whether Plaintiff appropriately relied upon representations from SSMHC-SL's employee or agent about the deadline to turn in the necessary documentation. (Memorandum in Opposition, Doc. No. 45, p. 3).

SSMHC-SL replies that Plaintiff's alleged factual disputes regarding alleged misrepresentations are irrelevant because this Court has already determined that Plaintiff's state law claim for negligent misrepresentation is preempted by ERISA. (Reply Memorandum, Doc. No. 48, p. 2).

**Discussion**

Plaintiff admits she is not alleging a claim under ERISA and is instead asserting a state law claim for negligent misrepresentation. (Memorandum in Opposition, Doc. No. 45, p. 4). This Court has previously ruled that Plaintiff's state law claim is preempted by ERISA. (See May 29, 2012 Order and Memorandum, Doc. No. 41). The law-of-the-case doctrine provides that when a court decides on a rule of law, that decision governs the same issues in subsequent stages of the same case. Westfield, LLC v. IPC, Inc., 4:11CV155, 2012 WL 1205794, at *2 (E.D.Mo. April 11, 2012) (citing Maxfield v. Cintas Corp., 487 F.3d 1132, 1135 (8th Cir.2007)). "The law-of-the-case-doctrine serves as a means to prevent relitigation of a settled issue, which in turn promotes judicial economy, ensures uniformity of decisions, and protects the expectations of the parties." Id. For this reason alone, summary judgment for SMMHC-SL would be appropriate.

**Breach of Fiduciary Duty Claim**

Even construing Plaintiff's claim as an ERISA breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3)(B)[1], Plaintiff cannot prevail as a matter of law. To establish breach of fiduciary duty based on misrepresentation, Plaintiff must establish the following: 1) SSMHC-SL's status as an ERISA fiduciary acting as a fiduciary; 2) a misrepresentation on the part of SSMHC-SL; 3) the materiality of that misrepresentation; and 4) detrimental reliance by Plaintiff on the misrepresentation. Harris v. SWAN, Inc., 459 F.Supp.2d 857, 863-64 (E.D.Mo. 2005) (citing Daniels v. Thomas and Betts Corp., 263 F.3d 66 (3rd Cir.2001)). See also Blankenship v. Chamberlain, 695 F.Supp.2d 966, 974 (E.D.Mo. 2010) (citing In re Pfizer Inc. ERISA Litig., 2009 WL 749545, at *6 (S.D.N.Y.2009) ("An ERISA claim for breach of fiduciary duty against a plan trustee requires allegations of the following elements: (1) that the defendant was a plan fiduciary; (2) that the defendant was acting in his capacity as plan fiduciary; and (3) that the defendant's conduct in that capacity breached an ERISA fiduciary duty.")).

SSMHC-SL argues it is not liable under 29 U.S.C. § 1132(a)(3) because it is not a plan fiduciary. Under ERISA, a person may become a fiduciary in one of two ways. First, the plan may identify the person as a named fiduciary under 29 U.S.C. § 1102(a)(1). Second, a person is a plan fiduciary "to the extent (1) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets ... or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). Harris,

---

[1] ERISA provides that a participant or beneficiary of an ERISA plan may bring a civil action "to obtain other appropriate equitable relief (i) to redress [violations of any provision of this subchapter or the terms of the plan] or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . " 29 U.S.C. § 1132(a)(3)(B).

4

459 F.Supp.2d at 863. SSMHC-SL asserts it does not have discretionary authority or control over the administration of the Plan. (Memorandum in Support, Doc. No. 43, p. 4). In this regard, SSMHC-SL maintains that the proper party defendant in this case would be the Plan Administrator, SSM Health Care Corporation ("SSM"), parent corporation of SSMHC-SL. (Admnistrative Record ("AR"), Doc. No. 19, 0006, Section 2.9; Disclosure of Corporation Interests Certificate, Sealed Doc. No. 10). See Layes v. Mead Corp., 132 F.3d 1246, 1249 (8th Cir. 1998) (citations omitted) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan.").

The Plan defines "Plan Administrator" as SSM Health Care "or such other person or committee as its board of directors may appoint from time to time to supervise the administration of the Plan." (AR 0006, 0038). Pursuant to Section 9.1 of the Plan, the Plan Administrator has "full power to administer the Plan in all of its details," including the discretionary authority to "decide all questions concerning the Plan, and to determine the eligibility of any person to participate in or receive benefits under the Plan." (AR 0015). Section 9.4 of the Plan provides that "the Plan Administrator will be a 'named fiduciary' for purposes of ERISA Section 402(1)(1) with authority to control and manage the operation and administration of the Plan. . ." (AR 0016). Plaintiff admits SSM Health Care Corporation is the Plan Administrator. (Plaintiff's Response to Defendant's Statement of Uncontroverted Material Facts, Doc. No. 47, ¶ 4). Because Plaintiff has failed to dispute SSMHC-SL's fiduciary status, the Court finds SSMHC-SL was not a plan fiduciary.

SSMHC-SL further argues that even if it was a plan fiduciary, Plaintiff cannot prevail as a matter of law because she cannot base her claim on an oral statement contrary to the clear and

5

unambiguous terms of the Plan, citing Fink et al. v. Union Central Life Insurance Company, 94 F.3d 489, 492 (8th Cir. 1996), Jensen v. SIPCO, Inc., 38 F.3d 945, 953 (8th Cir. 1994), and Barker v. Ceridian Corp., 193 F.3d 976, 982 (8th Cir. 1999) ("Informal statements by an employer's representatives about benefits do not legally alter an ERISA plan…").

The Eighth Circuit has held that oral modifications of ERISA benefits plans are impermissible under 29 U.S.C. § 1102(a)(1), which provides that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument." See Antolik v. Saks, Inc., 463 F.3d 796, 801 (8th Cir. 2006) (noting that "ERISA precludes oral or informal amendments to a plan, by estoppel or otherwise" and that "an ERISA plan cannot be changed by informal amendments, even if employees relied on those amendments"); Barker v. Ceridian Corp., 193 F.3d 976, 982 (8th Cir.1999) ("Informal statements by an employer's representatives about benefits do not legally alter an ERISA plan, which is required by statute to be written."); Farley v. Benefit Trust Life Ins. Co., 979 F.2d 653, 660 (8th Cir.1994) ("Oral modifications of employee welfare plans governed by ERISA [would permit] a result manifestly in conflict with the intent of the statute and with the case law governing it.").

The Plan at Section 6.1(a) establishes the deadline for submitting claims for reimbursement:

> **6.1 Claims Procedure…** A Participant who has elected to receive health care expense reimbursements for a Plan Year may submit a written application to the Plan Administrator…
> 
> (a) Timing and amount of claims. Applications for reimbursement or payment of benefits must be submitted by the last day of the third month after the end of the Plan year in which the Qualified Health Care Expenses were incurred; requests for payment filed after such date will be denied…

(AR 0009, 0062, 0081). SSMHC-SL states this deadline is also communicated to Plan participants through the benefit information booklet provided to participants[2] and the claim form[3] participants must use to submit claims. (AR 0009, 0062, 0081).

Plaintiff states she was not provided a copy of the Plan documents. (Gleason Affidavit, Doc. No. 46-1, ¶¶ 3-4). SSMHC-SL replies that Plaintiff's allegations do not raise a genuine issue of material fact as they are irrelevant and unsupported by the Administrative Record, which is the basis of the Court's review. (Defendant's Response to Plaintiff's Statement of Uncontroverted Facts, Doc. 49, ¶¶ 4-7). Even assuming Plaintiff did not receive a copy of the Plan documents, her claim that she relied to her detriment on the information allegedly given her by SSMHC-SL's department of Human Resources does not give rise to a breach of fiduciary duty claim. See Palmisano v. Allina Health Sys., Inc., 190 F.3d 881, 888 (8th Cir.1999) ("[A]n ERISA disclosure violation does not entitle a participant or beneficiary to benefits to which he is

---

[2] The Plan Information Booklet provides:

The manual claim must be received at the SSMHC Corporate Office, 477 North Lindbergh Blvd., St. Louis, MO 63141…Also, please keep in mind, you can submit claims for a calendar/plan year until March 31st of the following year. Any funds left in the account after that date will be forfeited.

[3] The Health Care Spending Account Claim Form provides:

…please complete the below information and mail original forms to: SSM Health Care, Attn: HCSA, 477 North Lindbergh Blvd., St. Louis, MO 63141…Spending Accounts are use-it or lose-it funds. Account balances do not carry over to the next Plan Year and unused funds will be forfeited. You will have until March 31of the following year to submit claims incurred under the previous Plan Year's contribution.

not entitled under the plan.").[4] See also, Glick v. Cooperative Benefit Administrators, Inc., 2001 WL 34152084, at *6 (N.D. Iowa March 6, 2001).

**Estoppel**

Moreover, because Plaintiff does not allege that the terms of the Plan regarding claims procedure are ambiguous, her claim is barred to the extent it relies on equitable estoppel. Slice v. Sons of Norway, 34 F.3d 630, 634 (8th Cir.1994) (explaining that equitable estoppel is available against an ERISA administrator only where "the terms of the plan are ambiguous and the communications constituted an interpretation of that ambiguity.").

**Denial of Benefits Claim**

Alternatively, if Plaintiff's claim is viewed as a properly asserted claim for benefits due under 29 U.S.C. § 1132(a)(1)(B)[5], Plaintiff cannot prevail because she failed to comply with the procedural requirements set forth in the Plan documents.

When a denial of benefits is challenged under § 1132(a)(1)(B), and the plan administrator has the discretion to construe the plan's terms, the Court reviews the decision under an abuse of discretion standard, asking whether the decision is reasonable in light of the record as a whole. Mohike v. Metropolitan Life Ins. Co., 2011WL 3876114, at *1 (E.D.Ark. Sept. 2, 2011) (citing Jones v. ReliaStar Life Ins. Co., 615 F.3d 941, 944 (8th Cir. 2010). In ERISA cases generally,

---

[4] Plaintiff has not asserted a claim for a disclosure violation under 29 U.S.C. § 1132 (a)(1)(A), (c).

[5] ERISA provides that a participant or beneficiary of an ERISA plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

8

review is limited to evidence that was before the administrator. Id. The purpose of this rule is to "ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators." Id. (quoting Brown v. Seitz Foods, Inc., 140 F.3d 1198, 1200 (8th Cir. 1998)).

Under Section 9.1, the Plan Administrator has "full power to administer the Plan in all of its details," including, but not limited to, the discretionary authority "to determine the eligibility of any person to participate in or receive benefits under the Plan . . ." (AR. 0015). While "no explicit language is necessary to confer discretionary authority," Whitmore v. Standard Insurance Co., 2007 WL 1557371, at *2 (E.D. Mo. May 25, 2007), the Eighth Circuit has found language similar to that in Section 9.1 sufficient to confer discretionary authority. See e.g. Jessup v. Alcoa, Inc., 481 F.3d 1004, 1006 (8th Cir. 2007) ("When an ERISA plan grants the administrator discretion to construe the plan and to determine benefits eligibility, as in this case, both courts must apply a deferential abuse-of-discretion standard in reviewing the plan administrator's decision."); Hutchins v. Champion, 110 F.3d 1341 (8th Cir. 1997) (deference where plan provides fiduciary with "sole, absolute and uncontrolled" discretion); Collins v. Central States, 18 F.3d 556, 559 (8th Cir. 1994) (arbitrary and capricious standard applied where plan gave the trustees power to construe the terms of the plan, decide all controversies, including those over a denial of benefits, and "determine all matters of eligibility for the payment of claims."); Lakey v. Remington Arms, 874 F.2d 541 (8th Cir. 1989) (language that fiduciary has "power to interpret plan" entitles fiduciary's decision to deference). (See, Memorandum in Support, pp. 6-7).

Courts refer to the express terms of an ERISA plan to determine a participant's

9

entitlement to benefits. John Morrell & Co. v. United Food and Commerical Workers Intern. Union, AFL-CIO, 37 F.3d 1302, 1304 (8th Cir. 1994). It is undisputed that to be entitled to reimbursement under the Plan, participants are required to mail a written application for benefits to the Plan Administrator. (AR 0009, Section 6.1(a); AR 0062; 0081). The application must "set forth the amount, date and nature of the expenses incurred; the name of the person, organization or entity to which the expense was or is to be paid; the name of the individual for whom the expense was incurred and the relationship of such individual to the Participant; and a Participant statement that the expense has not been reimbursed or is not reimbursable under any other insurance arrangement or health plan." (AR 0009, Section 6.1(b)). Itemized receipts are required for chiropractic expenses (AR 0062). To receive reimbursement for alternative therapies such as massage therapy, in addition to an itemized receipt and a signed claim form, participants are required to submit a doctor's letter explaining the participant's medical diagnosis, recommended specific treatment, how this treatment will alleviate the specific medical illness/disease, and the frequency and duration of the visits. (AR 0062). "Over- the-counter items" and "vitamins" are listed as non-eligible health care expenses. (AR 0063).

On April 6, 2011, Plaintiff submitted a FlexCare Reimbursement form to SSMHC-SL's Human Resources department via e-mail with a spreadsheet and photocopies of receipts.[6] (AR 0082-0112). Plaintiff was informed the following day that her claim for reimbursement could not be processed because it was untimely. Plaintiff filed an internal appeal of her denial on April 28,

---

[6]Plaintiff admits that some of the receipts she submitted indicate payment for over-the-counter items and/or vitamins. (Response to Defendant's Statement of Uncontroverted Material Facts, Doc. No. 47, ¶ 15).

10

2011. (AR 0115). By letters dated April 29, 2011 and May 11, 2011, SSM affirmed the decision denying her request for reimbursement. (AR 0114, 0122).

Plaintiff admits she did not submit her claim to the Plan Administrator by the March 31 Plan deadline. Instead, she filed her claim with SSMHC-SL's Human Resources Department on April 6. Her claim form is incomplete. (AR 0082) Plaintiff submitted photocopies of receipts for a number of items that are not eligible for reimbursement under the express terms of the Plan, as well as non-itemized receipts for acupuncture and chiropractic services. (AR 0084-0112). Because the uncontroverted facts demonstrate that Plaintiff did not comply with the express terms of the Plan, the Court finds the decision to deny her claim for reimbursement was not arbitrary and capricious.

**Conclusion**

For the foregoing reasons, summary judgment in favor of SSMHC-SL will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant SSM Health Care St. Louis' Motion for Summary Judgment [42] is **GRANTED**.

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 22nd day of August, 2012.

                                               JOHN A. ROSS
                                               UNITED STATES DISTRICT JUDGE

.